UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

SADIEL GONZALEZ,

    Petitioner,

v.

J. RAY ORMOND, Warden,[1]

    Respondent.

Civil Action No. 6:17-306-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Sadiel Gonzalez is a federal prisoner who, until a recent transfer, was confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Gonzalez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Gonzalez's petition.

Gonzalez pled guilty in 2010 to one count of distributing and possessing with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a). *See United States v. Sadiel Gonzalez*, No. 2:09-cr-709 (D.N.J. 2009). The trial court determined that Gonzalez was a career offender under the federal sentencing guidelines and, therefore, was subject to a guidelines range of 188 to 235 months in prison. *See id.* at R. 83-1. Gonzalez did not contest his designation as a career offender and, ultimately, the trial court sentenced him to 188 months in prison. *See id.* Gonzalez filed a direct appeal, but the United States Court of Appeals for the Third Circuit

---

[1] While Gonzalez named the United States of America as the respondent in this proceeding, the proper respondent is the warden of the facility where Gonzalez was confined when he filed his petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Therefore, the Court will substitute J. Ray Ormond, the warden of the United States Penitentiary – McCreary, as the respondent in this proceeding.

affirmed his sentence. *See id.* Gonzalez's subsequent efforts to vacate his sentence were also unsuccessful. *See Sadiel Gonzalez v. United States of America*, No. 2:16-cv-9412 (D.N.J. 2017).

Gonzalez has now filed a § 2241 petition with this Court. [R. 1]. In Gonzalez's petition, he attacks his 188-month sentence and argues that trial court erred when it determined that his prior criminal history, including two New Jersey drug convictions, subjected him to an enhanced sentence under the federal sentencing guidelines. Gonzalez cites the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), among other cases, to support his petition.

Gonzalez's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a motion pursuant to 28 U.S.C. § 2255, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Gonzalez cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, under certain limited circumstances, a prisoner may challenge his sentence in a § 2241 petition. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). However, the Sixth Circuit has explained that this is only true when the prisoner was sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2006). That is clearly not the case here as the trial court actually sentenced Gonzalez in 2011, well after the Supreme Court decided *Booker*. Therefore, Gonzalez's § 2241 petition is unavailing.

2

Accordingly, it is hereby **ORDERED** as follows:

1. Gonzalez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated March 21, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY